**LEE TUCK GAN et al. v. JOHNSON, Com'r of Immigration.**

(Circuit Court of Appeals, First Circuit. February 3, 1925.)

No. 1780.

Aliens ⊗⟞32(12)—Finding that the alleged father of Chinese immigrants was not a citizen of the United States held not subject to reversal.

A finding of the District Court, on a full hearing and on testimony given in open court, that the alleged father of Chinese applicants for entry was not born in the United States, *held* not subject to reversal on the record.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Petition of Lee Tuck Gan and Lee Tuck Hen for writ of habeas corpus directed to John P. Johnson, Commissioner of Immigration. From a decree discharging the writ, petitioners appeal. Decree amended and affirmed.

Wilmot R. Evans, Jr., of Boston, Mass. (Edwin C. Jenney, of Boston, Mass., on the brief), for appellants.

Robert O. Harris, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Lee Tuck Gan and Lee Tuck Hen applied for admission as the foreign-born sons of a citizen, Lee Jew. Denied admission, they applied for a habeas corpus. This was issued, apparently on the ground that they had been deprived of a fair hearing. After a full trial in the District Court, the writ was discharged, and the petitioners remanded to the custody of the Commissioner of Immigration. (There was a clerical error, in that the order was that the petition should be dismissed, and the writ denied.) Even if there be doubt of the court's jurisdiction to retry the case on its merits, that question is not raised before us, and we need not consider it. The petitioners have now certainly had due process of law.

The applicants assign various alleged errors in the trial before the court; but most of those argued are merely minor matters of evidence, and none of them call for detailed consideration.

The gist of the case was that the applicants contended that they were sons of Lee

Jew, and that Lee Jew was born in San Francisco, November 7, 1873, lived there until about seven years of age, and then went to China. If this story was untrue, the petitioners had no case. In support of their contention the petitioners offered a record of proceedings before United States Commissioner Johnson at Burlington, Vt., on May 28, 1899, which tended to show that a certain Lee Jew was arrested for being unlawfully within the United States and after hearing discharged. It was contended below, and is contended here, that this record was res judicata, as to Lee Jew's citizenship. But the District Court said: "There is here a question of identity. * * * I am not ruling that perhaps some Lee Jew is not a proper citizen. I am ruling that this man now coming before me under the name of Lee Jew was not, as far as I can find, born in the United States. Whether there are ten other Lee Jews who were does not interest me." Again, in replying to the argument of counsel that the witness testified that he was Lee Jew, and the same man admitted in Vermont as Lee Jew in 1899, the court said: " * * * I do not believe him. It is unfortunate, but I don't. I do not believe Lee Jew in the first place, nor these people who testified to-day."

The learned District Judge wrote no formal opinion; but, gathering the substance of his findings and rulings from the meager and confused record before us, it is clear that he granted to the petitioners a full trial in the court, on the theory that they had not had a fair hearing before the immigration authorities; that he found as a fact, with witnesses, photographs and other evidence before him, that the Lee Jew before him, who claimed to be the father of the applicants, was not born in San Francisco, or anywhere else in the United States; and that there was, therefore, no evidence that the alleged father of the applicants was an American citizen. Only an extraordinary record would warrant an appellate court in reversing such a finding by the court that saw the witnesses. The record convinces us that the District Court was plainly right in his finding that the case before him was fraudulent, and that the Lee Jew (if such was his name) before him was an impostor.

The result is that the judgment below must be affirmed, but in proper form; i. e., writ discharged, and petitioners remanded to the custody of the Commissioner of Immigration.

The decree of the District Court, amended as suggested in this opinion, is affirmed.